# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 19, 2007

133729

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellant,
v

THOMAS ERVIN HAWTHORNE,
        Defendant-Appellee.
_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 133729
COA: 265473
Oakland CC: 2002-186567-FH

On order of the Court, the application for leave to appeal the March 29, 2007 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REMAND this case to the Oakland Circuit Court for an evidentiary hearing on the defendant's speedy trial claims. At that hearing, the court shall take testimony and other evidence, and make findings of fact, regarding (1) all of the factors specified in *Barker v Wingo*, 407 US 514, 530; 92 S Ct 2182; 33 L Ed 2d 101 (1972); (2) whether the defendant knew that the charges in this case were pending against him when he was released from the Wayne County Jail in November 1994, or whether he otherwise became aware of such charges before the prosecution commenced further action in 2001; and (3) any other factors relevant to the question whether the charges against the defendant must be dismissed for a violation of his speedy trial rights.

We further ORDER the Oakland Circuit Court, within 28 days of the conclusion of the hearing, to file with the Clerk of the Supreme Court a transcript of the hearing and the court's findings of fact.

We retain jurisdiction.

KELLY, J., dissents and states as follows:

I would deny the application for leave to appeal. The Court has already remanded this case to the trial court for a hearing on defendant's speedy trial motion. At that time, the prosecution failed to explain its failure over a period of nine years to bring defendant to trial. I see no reason for a second remand.

CAVANAGH and MARKMAN, JJ., join the statement of KELLY, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 19, 2007

_____
Clerk

d1016